## Case No. 7,371.

### JOHNSON v. BEARD.

[2 Ban. & A. 50; [1] 8 O. G. 435.]

Circuit Court, S. D. New York. April, 1875.

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

Samuel A. Duncan and George Gifford, for complainant.

J. H. B. Latrobe and George Harding, for defendant.

WOODRUFF, Circuit Judge. In regard to the motion which was made in the case yesterday, I am constrained to .the conclusion that fairness and justness to this defendant require that he should be permitted in some way to put upon the record in this cause the fact, if it be a fact, that the original record of the patent, embracing, of course, the patent, specification, and model, is not before the court. I understand it to be an important point in the defence that the reissued patent is broader in its scope than the original. I am bound to assume that the court has to determine that question by an examination of the record, and cannot go outside of it for information. I understand the supreme court to have settled, distinctly and finally, that this court cannot enter into the examination of any question of fraud upon the commissioner who granted the reissue. or of any matter which is outside of the record; and that the only power which the courts have over reissues, when their validity is sought to be impeached upon such grounds, is to look at the record of the original patent and of the reissue, and to determine upon their face whether or not, as matter of law, the reissue is a lawful one. without inquiring by what means it was procured, and without inquiring what matters of fact were involved de hors the record. The act of the commissioner in granting the reissue is final and conclusive.

If that be the view in which I am bound to deal with this case under the instructions of the supreme court, then this court is to be furnished with the record of the original patent on the one hand and with the reissue on the other, and then, governed by legal principles, declare whether that reissue patent is or is not valid. In order to do that, the court must have, first, the original record, without any inquiry, as I have said, as to what was before the commissioner on the reissue—I have nothing to do with that—but I am to be furnished with the original record.

A model is produced here and certified to be a copy of a model which is now, or was when the testimony was taken, in the patent office at Washington. I do not perceive that that is conclusive. If the patent office had been burned and all the models destroyed, and this question had then arisen, I think the parties must have been permitted to take proof, so that when the courts came to pass upon the question, they would necessarily have to determine, first, what was that record, and, second, does the reissued patent conform with it or has it gone beyond the scope and limit of the original. If that be the correct view of the subject, then the party producing a certified copy of a model from the patent office does not conclude the defendant. He may, and the defendant should, be permitted to show that what he produces is the original. or a true copy of the original. I can readily suppose a case in which, for some purpose, if the model at Washington had been destroyed, the defendant might have in his possession a certified copy of the original model as it was filed—made by the patent office directly after it was filed—and so might be able to place before the court a certified copy of the original model.

I quite agree that the question is not entirely without doubt. It may be, and has. very plausibly been argued that, for this court to enter into an inquiry of what was the original model, is to enter into an inquiry whether or not the commissioner was not deceived when he made the reissue. That question may be incidentally involved; but after all, the main question is, not whether the commissioner of patents was deceived or defrauded. but whether in point of fact the reissue conforms to the original.

I am constrained to hold that the defendant ought to be permitted to place this fact upon the record. Certainly the supreme court has not yet gone so far as to say that what was the original model may not be proved in the court for the purpose of making the comparison which the supreme court says may be made. To deny this motion would be to deprive the defendant, if a final decree shall be entered against him, of an opportunity to review this question, because he will have no opportunity to say to the supreme court that the judgment or decree should be reversed, because he was not permitted to show what was the original model with which the reissue was compared. I think the defendant ought not to be placed in that situation.

If I was inclined to believe that it would

ultimately have no effect upon my determination of this case, I am not so clear upon this subject but that I should deem it my duty to give to the defendant the benefit of an exception, so that my ruling upon so important a question as this may be in favor of the plaintiff, might be the subject of review. The supreme court may go the whole length and say that the court was not at liberty to inquire what the commissioner had before him; but if they say that, they will go further than they have, in my opinion, yet gone. Up to this point they say that the court may look at the record. If the court may look at the record, the parties have a right to bring that record before the court, in a form which is authenticated by evidence, satisfactory to the court, that the record which they offer is correct.

I am, therefore, disposed to give the parties an opportunity to make this proof, unless the parties are still of opinion that such proof would not affect their case and prefer to admit it. If they do of course the case may go on.

(The parties thereupon stipulated, for the purposes of the suit, a state of facts regarding the former condition of the model, and the case proceeded to a final hearing. The conclusions of the court were expressed as follows:)

WOODRUFF, Circuit Judge. My conclusions in this case are: First, that Charles Swett, the person named in the bill of complaint as assignor of the complainant, and therein alleged to be the inventor of the invention and improvement for which the letters patent therein mentioned were issued to the complainant, was not the inventor of any tie or mode of fastening cotton-bale ties made or used by the defendant herein; nor any tie, buckle, or method of fastening cotton-bale ties which is substantially the same in construction, or operating in substantially the same way, as the ties made and used by the said defendant. Second, that neither the original patent issued to the said complainant on the 23d day of October, 1866, upon or for the alleged invention of Charles Swett in the said bill of complaint mentioned, nor the specification annexed thereto, nor the model of the alleged invention, nor any record of such invention, in any manner shows, claims, intimates, or suggests a tie or method of fastening cotton-bale ties which is substantially the same in construction, or operates in substantially the same way, as the tie made or used by defendant herein. Third, that the practicability of employing the tie or method of fastening made and used by the defendant was not conceived by the said Swett, nor by the complainant, until after the said original patent was issued, and was borrowed from the suggestions of other parties. Fourth, that if the reissued patent granted to the complainant, dated May 7, 1872, and the claims made in the specification annexed thereto, must be construed so as to include (as the patented invention) the tie or method of fastening used by the defendant and called the "Eureka tie." such reissue is invalid. Fifth. that the defendant has not by making. selling, and using the said Eureka tie infringed any right of the complainant, and such making, using, and selling is no infringement of any exclusive privilege legally vested in the complainant or to which he is in any manner entitled. The statement of these conclusions is sufficient to enable counsel to prepare a decree in such more technical or specific form, if any, as may be proper. The state of my health forbids that I should attempt an elaborate discussion of the various points very ably presented by the counsel for the respective parties. Let the bill of complaint be dismissed. with costs.